FILED
United States Court of Appeals
Tenth Circuit

August 11, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL FRANCIS MAXSWEEN,

Petitioner - Appellant,

v.

MICHAEL MILLER, Superintendent,
Crowley County Correctional Facility;
THE ATTORNEY GENERAL FOR
THE STATE OF COLORADO,

Respondents - Appellees.

No. 14-1489
(D.C. No. 1:14-CV-00166-LTB)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.

Petitioner Michael Maxsween seeks a certificate of appealability to appeal

the district court's denial of his § 2254 habeas petition.

In 2002, a Colorado jury found Petitioner guilty of three charges related to

sexual assault on a child. On appeal, a Colorado appellate court affirmed his

convictions but remanded for resentencing. The transcript of Petitioner's May

2005 resentencing hearing indicates he was not advised of his right to appeal the

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

resentencing decision. Petitioner did not file an appeal after his new sentences were imposed.

Between 2006 and 2013, Petitioner filed various motions and documents in the Colorado state courts. In a successive motion for state postconviction relief which Petitioner filed in 2011, he argued, among other things, that he was entitled to relief based on the resentencing court's failure to advise him of his right to appeal from the resentencing decision. This argument, like all of Petitioner's other arguments, was rejected by the state court.

In January 2014, Petitioner filed the instant federal habeas petition, in which he raised numerous claims for relief, including claims of ineffective assistance of counsel, due process violations, double jeopardy issues, prosecutorial misconduct, and erroneous jury instructions and verdict forms. He did not raise a claim for relief based on the resentencing court's failure to advise him of his right to appeal.

Respondents filed a motion arguing Petitioner's federal habeas action was untimely under the one-year statute of limitations for such actions pursuant to 28 U.S.C. § 2244(d). In response, Petitioner contended his habeas petition was not time-barred because the resentencing court failed to advise him of his right to appeal and thus his time for filing an appeal had never commenced and his judgment of conviction had not yet become final. He did not raise any other arguments to contest the untimeliness of his habeas petition.

In a fifteen-page opinion, the district court addressed Petitioner's arguments and concluded that the state resentencing court's failure to advise Petitioner of his right to appeal did not render his federal habeas petition timely or entitle him to equitable relief. The district court accordingly dismissed the habeas petition as time-barred.

In his request for a certificate of appealability, Petitioner first contends the district court erred in failing to inform Petitioner he might be able to seek a stay of his federal habeas petition, then attempt to file an out-of-time appeal with the state court. However, we are not persuaded the district court committed reversible error in failing to sua sponte inform Petitioner of possible avenues of relief he could arguably have pursued under the circumstances of this case. Petitioner also argues that the district court should have remanded the case to the state court and instructed the state court to grant Petitioner an out-of-time appeal from his 2005 resentencing. However, particularly in light of the fact that Petitioner raised this issue only as a means to escape the time-bar and not as a separate claim for habeas relief, we are not persuaded that reasonable jurists would debate whether the district court committed reversible error in the way it handled this case.

Finally, Petitioner argues the statute of limitations began to run not in 2005, as the district court found, but in 2009. However, his arguments on this point were not raised before the district court, and we therefore will not consider

them on appeal.

Petitioner has also filed with this court a motion for a stay of federal proceedings so that he may go back to the state court and seek to file an out-of-time appeal of the 2005 resentencing. However, as the district court noted in December 2014, nothing about this federal proceeding prevents Petitioner from pursuing his state court remedies with respect to this issue, and Petitioner could have sought such relief at any point while this appeal was pending. Despite knowing of his right to an appeal since at least 2011, Petitioner has still not filed a motion to file an out-of-time-appeal in the state court. Under all of the circumstances of this case, we are not persuaded that a stay is warranted.

For the foregoing reasons, we conclude reasonable jurists would not debate the district court's dismissal of the habeas petition as time-barred. We therefore **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal. Petitioner's motion for a stay is **DENIED**. We **GRANT** Petitioner's motion to proceed *in forma pauperis* on appeal.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge

-4-